125 A.2d 169 (1956)
DELAWARE TRUST COMPANY, a corporation of the State of Delaware, Trustee by appointment of the Court of Chancery of the State of Delaware of the Trust under the Will of Anna Bertha Cobaugh, deceased, Plaintiff,
v.
Claud L. TEASE, Administrator of the Estate of George Cobaugh, deceased, and Administrator d.b.n.c.t.a., of the Estate of Anna Bertha Cobaugh, deceased;
Elizabeth Hormilloza; Harry Cobaugh; and May R. Smith, Defendants.
Court of Chancery of Delaware, New Castle.
August 8, 1956.
*170 C. W. Berl, Jr., of Berl, Potter & Anderson, Wilmington, for plaintiff.
Edmund D. Lyons, Wilmington, guardian ad litem for Harry Cobaugh.
The other defendants did not appear and a default judgment was entered against them.
SEITZ, Chancellor.
This is a complaint for instructions by the trustee of a residuary trust established in the will of Anna Bertha Cobaugh ("testatrix") who died July 21, 1939, leaving a will dated January 20, 1939.
While the items in the will are not numbered for convenience they will be given consecutive numbers. By Item Three of her will, the testatrix directed her executor to sell all her property, both real and personal, and out of the proceeds of such sale to purchase for a sum not to exceed $2,000 a suitable home for her husband, George W. Cobaugh and her son, Harry Cobaugh "for and during their natural life and at their death to my daughter, Elizabeth Hormilloza for and during her natural life, and at her death to my son Lloyd Cobaugh, to be his absolutely and forever, his heirs and assigns forever".
By Item Four, of said will, the testatrix devises and bequeathes all the balance and residue of her estate to a trustee (naming the trustee). The income is to be paid share and share alike to her husband and her son, Harry, or the survivor of them for their natural lives and at the survivor's death the trust is to cease and the corpus is to be paid over to her son Lloyd.
Also, by Item Four, the trustee is directed "in event that the life tenants shall not pay taxes and fire insurance premiums on above purchased home to pay same out of either income or principal of trust fund set up in this Item and I further direct that in event my Trustee shall deem it wise they shall have the authority to encroach on the principal for the support and maintenance of my husband, George W. Cobaugh."
Upon the death of the testatrix, the trustee and executor named in the will declined to act and the testatrix' son, Lloyd, was appointed administrator C.T.A. He died February 25, 1943 without selling the property as directed by testatrix' will. The matter remained relatively dormant until September 15, 1954 when Claud L. Tease was appointed Administrator D.B.N.C.T.A. Acting under the directions contained in Item Three, the administrator sold the property of the testatrix. He purchased a lot and trailer for the sum of $2,005.30 and gave possession thereof to the testatrix' husband. The administrator turned over the balance of the sale price to Delaware Trust Company which had been appointed by this Court as Trustee of the trust created by Item Four of the will.
On October 23, 1955, the husband of the testatrix died. For purposes of this decision I shall assume, as alleged, that the assets of the estate of testatrix' husband were insufficient to meet his funeral and medical expenses and a $35 bill for room and board. If proof is felt necessary on this point an appropriate application should be made.
The plaintiff-trustee first seeks instructions as to whether it has power to pay these expenses out of corpus under the provision of the trust created in Item Four which gives the trustee the power to invade corpus for the "support and maintenance" of the husband. The guardian ad litem for defendant Harry contends that under the terms of the will the trustee may not pay any of the expenses out of the trust principal.
Preliminarily, I have no doubt that the trustee may pay the bill for room and board out of corpus. It is true that the testatrix provided a "home" for her husband under Item Three. Yet, under the circumstances of this case I am satisfied *171 that the charge is covered by the "support and maintenance" provision. I also think it clear that the medical expenses for the husband's last illness may be paid by the trustee from corpus under the same authority.
I next consider the more substantial problem as to whether the trustee may pay the husband's funeral expenses.
Where a trust is created for the support and maintenance of a beneficiary with the power to invade corpus the question as to whether the trustee can pay the funeral expenses of the deceased beneficiary is one of ascertaining the intention of the testatrix by a consideration of the provisions of the trust in the light of the surrounding circumstances. Under the Restatement rule the inference is that the trustee is allowed to pay the funeral bill. See 1 Restatement, Trusts, § 128, comment (e). Mr. Scott says: "Ordinarily, it would seem that if there are trust funds available for the purpose of paying funeral expenses, at least if the beneficiary left no property sufficient for the purpose, the trustee has the power and the duty to pay the funeral expenses of the beneficiary for whose support the trust was created", 1 Scott on Trust, § 128.4, p. 674.
We are here concerned with the funeral bill of the husband of the testatrix. It would be difficult to conclude in the "normal" case that a wife creating a "support and maintenance" testamentary trust, of which her husband was a life income beneficiary, did not intend to provide for her husband's burial where his estate could not do it. As one court suggested, we do not have to strain either legal or moral principles to conclude that the testatrix intended not only that her husband should live comfortably, but that he should be buried decently. While the authorities are by no means uniform, there is ample authority to support the view that the provision of the present will does not preclude an interpretation which recognizes that the trustee may pay the funeral expenses. See 18 A.L.R.2d 1236. While payment from corpus presents a more serious problem I believe that fact does not change the result.
I conclude that if the trustee deems it wise it may pay from the trust corpus the expenses of the husband as herein enumerated. I assume that the trustee has satisfied itself as to their validity and reasonableness.
The next question posed by the Delaware Trust Company is whether it is to exercise any management or control over the lot and trailer purchased by the administrator under the terms of Item Three.
The trustee appointed by the testatrix under Item Four (residuary trust) was directed to pay taxes and fire insurance on the home to be purchased by the executor under Item Three "in the event that the life tenants shall not pay * * *". Did the testatrix intend to impose management responsibilities upon the trustee of the residuary trust with respect to the property purchased under Item Three?
By Item Three the executor was directed to buy a home for the use of the parties there mentioned. This home is represented by the lot and trailer subsequently purchased by the administrator. It was given in fee to testatrix' son, Lloyd Cobaugh, subject to the life estates of her husband George, her son Harry, and her daughter Elizabeth Hormilloza. The next paragraph which is numbered Item Four begins as follows:
"All the balance and residue of my estate, I give, devise and bequeath to (the trustee) * * *"
The words "balance and residue" refer in my opinion to all of her property not disposed of in the preceding provisions of her will. Also the testatrix referred to the "life tenants" of the real estate. The testatrix clearly differentiated between the property covered by Item Three and the property included in the residuary trust. The language of the will indicates to me *172 that the testatrix intentionally treated the Item Three and the Item Four assets differently. Her choice of words impels the conclusion that the trustee has only the specific duty indicated with respect to the lot and trailer.
I conclude that the trustee's duty with respect to the lot and trailer is limited to the payment of taxes and fire insurance in the event the life tenants fail to make such payments.
Since the life tenant entitled to use the property at this time is mentally ill and has no trustee, it might be desirable for the trustee to call this situation to the attention of the Delaware State Hospital to the end that a realistic solution might be reached concerning this matter. It is also instructed that it may pay to the Delaware State Hospital the income due the mentally ill income beneficiary.
Order on notice.